[No. 16545-1-III.    Division Three.    June 11, 1998.]

EDUARDO CUELLO, ET AL., *Respondents*, v. VALLEY FARM WORKERS CLINIC, INC., *Defendant*, THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Appellant*.

*Christine O. Gregoire, Attorney General,* and *Andrew F. Scott, Assistant,* for appellant.

*Warren L. Dewar, Jr.,* of *Dewar & Johnson,* for respondents.

KATO, J. — The Department of Social and Health Services (DSHS) provided medical assistance to Eduardo Cuello. Eduardo received a third party tort recovery; DSHS placed a lien on those funds. The court ordered placement of the funds in a special needs trust without satisfying the lien. Claiming the court was not authorized to create the trust without first requiring satisfaction of the lien, DSHS appeals.

In 1991, Eduardo Cuello was born with severe birth defects requiring substantial medical attention. His family applied for Medicaid assistance whereupon DSHS provided $93,969 in such assistance. DSHS then filed a lien against any tort claim Eduardo might receive. DSHS agreed to compromise its lien against Eduardo to $55,406.

Alleging Valley Farm Workers Clinic was liable for his birth defects, Eduardo filed suit against the Clinic. The parties settled for $686,138, plus future payments. The total value of the settlement was approximately $1,300,000.

The settlement provided that all funds be placed into a special needs trust, including the $55,406 subject to the DSHS lien. The terms of the trust stated the lien would be satisfied from any trust funds remaining at the end of Eduardo's life. The court approved the settlement, but ordered the amount subject to the DSHS lien to be retained by the court until it determined if that amount could be placed in the trust without first satisfying the lien.

DSHS moved to have the funds distributed to it; Eduardo moved to have the funds distributed to the trust. DSHS argued both federal and state law required payment of the existing lien prior to placing the funds in a special needs trust. The court rejected this argument and ordered disbursement of the $55,406 to the trust. DSHS appeals.

The issue is whether Eduardo may put the entire amount of his recovery into a special needs trust without first satisfying his DSHS lien. Under federal law, if a state plan grants Medicaid benefits to an individual when a third party is liable, the state must seek reimbursement from the third party. 42 U.S.C. § 1396a(a)(25). Federal law also requires the recipient to assign any rights he or she has to seek payment from a third party to the state. 42 U.S.C. § 1396k(a)(1)(A). When a recovery is made, the state is reimbursed for its payments and the remainder of the recovery is paid to the recipient. 42 U.S.C. § 1396k(b). In order to participate in the federal Medicaid program, states must have these rules. 42 CFR § 433.145.

In Washington, Medicaid will not assist individuals whose injuries were caused by the negligence of third parties. RCW 74.09.180. DSHS may furnish assistance to such an individual, but it subrogates the recipient's right of recovery to the extent of the value of the assistance furnished. RCW 74.09.180; RCW 43.20B.060. DSHS may assert and enforce a lien against the recipient's right of recovery. RCW 74.09.180; RCW 43.20B.040. A settlement between a recipient and a tortfeasor will not discharge a DSHS lien unless the settlement provides for payment of the lien. RCW 43.20B.050.

In 1993, Congress amended the Social Security Act by redefining the status of assets held in trust for a Medicaid recipient. *Norwest Bank N.D., N.A. v. Doth*, 969 F. Supp. 532, 533 (D. Minn. 1997). It amended 42 U.S.C. § 1396p(d) to allow a disabled individual to place assets into a special needs trust without being disqualified from receiving Medicaid. *Id.* at 534. A special needs trust contains the assets of a disabled individual established for the benefit of

the individual and, upon the death of the individual, the state will receive from the trust the amount remaining in the trust up to the total medical assistance provided by the state. 42 U.S.C. § 1396p(d)(4)(A). The amendments solely addressed the narrow issue of the attribution of trust funds in determining a trust recipient's Medicaid eligibility. *Norwest Bank*, 969 F. Supp. at 534.

DSHS argues the 1993 amendment does not affect its right to have the lien satisfied first. Eduardo claims the amendment provides that liens cannot be satisfied until the Medicaid recipient's death. Since Washington has never decided this issue, we may look to the statutes and other jurisdictions for guidance.

■ Under 42 U.S.C. § 1396k(b) the state is the first to retain the portion of the amount collected as necessary to reimburse it for payments made on behalf of the recipient. This indicates the state has priority in recouping funds from third parties who are liable for a recipient's medical expenses. *Cricchio v. Pennisi*, 90 N.Y.2d 296, 304, 683 N.E.2d 301, 660 N.Y.S.2d 679 (1997). Only the remainder of the funds are available to the Medicaid recipient for placement in a trust or other use. *Id.*

In determining the state has priority to recover the amount of its lien, the *Cricchio* court considered whether such a result would conflict with 42 U.S.C. § 1396p(d)(4)(A). *Cricchio* at 308. The court concluded nothing in that section indicated it was intended to interfere with the rule mandating the assignment of tort recoveries. *Id.* Under the theory that 42 U.S.C. § 1396p(d)(4)(A) did not first require payment of the lien, Medicaid recipients would be able to shelter funds recovered from third parties and completely avoid their repayment obligations to the state. *Cricchio*. The court found the legislative history of the statute indicated its purpose was solely to encourage families to make long term financial planning arrangements without concern for future Medicaid eligibility. *Id.* at 308. Congress explicitly stated the amendment would not have any budget implications. *Id.* at 309. This clearly indicates the intent of the section was not to defer reimbursements to the state. *Id.*

The *Cricchio* court held a Medicaid recipient's settlement funds first must satisfy the state's lien and the remainder may then be transferred to a trust. *Id.* at 302. The two other courts addressing this issue have reached the same result as *Cricchio*.[1] *Norwest Bank*, 969 F. Supp. at 535; *In re Estate of Calhoun*, 291 Ill. App. 3d 839, 842, 684 N.E.2d 842, 225 Ill. Dec. 851 (1997). These decisions are persuasive because their reasoning is sound and based upon law and legislative history. We agree with their reasoning and result. Thus, the trial court erred by placing the entire amount of the funds into the trust without first satisfying DSHS's lien.

Reversed.

SWEENEY and BROWN, JJ., concur.

---

[1]The trial court did not have the benefit of having these cases before it when makings its decision.